**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MICHAEL O'GRADNEY,<br><br>Plaintiff,<br><br>v.<br><br>ROSEMONT POLICE OFFICER KYLE GRYGIEL; BRETT KELLEHER, Individually and as Employee/Agent of Lettuce Entertain You Enterprises, Inc. d/b/a Joe's Live; LETTUCE ENTERTAIN YOU ENTERPRISES, INC. d/b/a JOE'S LIVE; MONTERREY SECURITY CONSULTANTS, INC.; UNKNOWN EMPLOYEES/AGENTS OF MONTERREY SECURITY CONSULTANTS, INC.; THE VILLAGE OF ROSEMONT, a Municipal Corporation;<br><br>Defendants. | ) | No. |

**COMPLAINT**

NOW COMES the Plaintiff, MICHAEL O'GRADNEY, by and through his attorneys, The Law Offices of Jeffrey J. Neslund, and Hyland Law, Ltd., and in complaining of the DEFENDANTS, ROSEMONT POLICE OFFICER KYLE GRYGIEL; BRETT KELLEHER, Individually and as Employee/Agent of Lettuce Entertain You Enterprises, Inc. d/b/a Joe's Live; LETTUCE ENTERTAIN YOU ENTERPRISES, INC. d/b/a JOE'S LIVE; MONTERREY SECURITY CONSULTANTS, INC.; UNKNOWN EMPLOYES/AGENTS OF MONETRREY SECURITY CONSULTANTS, INC; and THE VILLAGE OF ROSEMEONT, a Municipal Corporation, states as follows:

## Introduction

1. This is an action for civil damages brought under Illinois State law and 42 U.S.C. § 1983 and for the deprivation of PLAINTIFF MICHAEL O'GRADNEY's constitutional rights. This Court has jurisdiction pursuant to 28 U.S.C. Sec. 1331 and 1343.

2. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b), because the facts which give rise to the claims asserted herein occurred in the Northern District of Illinois.

## Parties

3. The PLAINTIFF, MICHAEL O'GRADNEY (hereinafter referred to as "O'GRADNEY"), is an individual who at all times relevant hereto was present in the Northern District of Illinois.

4. The DEFENDANT, ROSEMONT POLICE OFFICER KYLE GRYGIEL (hereinafter referred to as "OFFICER GRYGIEL"), is an individual who at all times relevant hereto, was a duly appointed Rosemont Police Officer employed by the Village of Rosemont, acting in his official capacity as a sworn law enforcement official.

5. The DEFENDANT, VILLAGE OF ROSEMONT, at all relevant times, was an Illinois Municipal Corporation, duly chartered and organized under the laws of the state of Illinois, located entirely within the Northern District of Illinois.

6. The DEFENDANT, BRETT KELLEHER (hereinafter referred to as "KELLEHER"), is an individual who at all times relevant hereto, was an employee of LETTUCE ENTERTAIN YOU ENTERPRISES, INC. d/b/a JOE'S LIVE, employed as a security guard and acting in the course and scope of his employment.

7. The DEFENDANT, LETTUCE ENTERTAIN YOU ENTERPRISES, LLC d/b/a JOE'S LIVE, was at all time complained of herein an Illinois corporation doing business as Joe's

Live within the Northern District of Illinois as a bar and restaurant located at 5441 Park Place, Rosemont, Cook County, Illinois.

8. The Defendant, MONTERREY SECURITY CONSULTANTS, INC., was at all time complained of herein an Illinois corporation doing business within the Northern District of Illinois.

**COMMON ALLEGATIONS**

9. On the evening of January 20, 2019, PLAINTIFF O'GRADNEY attended a concert with his wife at an establishment owned and operated by DEFENDANT LETTUCE ENTERTAIN YOU ENTERPRISES, LLC. d/b/a JOE'S LIVE (hereinafter referred to as "JOE'S LIVE") located at 5441 Park Place in Rosemont, Cook County, Illinois.

10. As O'GRADNEY and his wife approached the entrance of the restrooms, DEFENDANT KELLEHER, an agent/employee of DEFENDANT JOE'S LIVE, stopped the Plaintiff and his wife and advised that the women's restroom was currently out of order and instructed O'GRADNEY's wife to use the restroom located on the other side of the establishment.

11. O'GRADNEY's wife turned around and began to walk to the other restroom.

12. As O'GRADNEY proceeded into the men's restroom, he questioned the necessity of preventing his wife from using the restroom, at which time DEFENDANT KELLEHER became agitated and informed O'GRADNEY that he had to leave the premises.

13. DEFENDANT KELLHER proceeded to place his hands on O'GRADNEY and forcefully squeezed O'GRADNEY's right arm with both hands.

14. As O'GRADNEY attempted to free his arm from DEFENDANT KELLEHER'S grip, KELLEHER pushed O'GRADNEY's body against a wall.

15. UNKONWN EMPLOYEES/AGENTS OF DEFENDANT MONTERREY SECURITY CONSULTANTS, INC. placed O'GRADNEY into a headlock and continued to pull and twist O'GRADNEY's arms.

16. While one MONTERREY EMPLOYEE/AGENT had PLAINTIFF in a headlock/choke hold, DEFENDANTS KELLEHER and the EMPLOYEES/AGENTS OF DEFENDANT MONTERREY forcibly took O'GRADNEY to the floor and punched and elbowed O'GRADNEY about the back, head and neck.

17. O'GRADNEY was eventually hand cuffed and taken to a nearby holding facility by DEFENDANT MONTERREY EMPLOYEE/AGENTS where his right wrist was handcuffed to a bench.

18. DEFENDANT VILLAGE OF ROSEMONT POLICE OFFICERS responded to the scene and DEFENDANT GRYGIEL uncuffed O'GRADNEY from bench and proceeded to place O'GRADNEY into his own handcuffs with his arms positioned behind his back.

19. O'GRADNEY complained to OFFICER GRYGIEL that he was in pain from the injury to his wrist and that the handcuffs were too tight.

20. After O'GRADNEY complained of being in pain to his wrist, OFFICER GRYGIEL tightened O'GRADNEY'S handcuffs by twisting the handcuffs forward causing significant additional pain to the PLAINTIFF.

21. DEFENDANT GRYGIEL then placed O'GRADNEY into the rear of a Rosemont Police Department Prisoner Transport Van, where O'GRADNEY remained handcuffed for the drive to the Rosemont Police Station.

22. Upon arriving at the Rosemont Police Department and being removed from the Prisoner Transport Van, O'GRADNEY repeatedly complained of pain and numbness to his wrist to DEFENDANT GRYGIEL.

23. O'GRANDEY informed DEFENDANT OFFICER GRYGIEL that his hands are black and blue, to which DEFENDANT OFFICER GRYGIEL replied, "Well that is because you kept turning…When you do not comply, I use forcible things to make you comply, like turning the handcuffs."

24. At no point during the investigation, transport or booking process was O'GRADNEY non-compliant or uncooperative with DEFENDANT GRYGIEL or any other officer.

25. In an effort to cover up the beating of O'GRADNEY by DEFENDANTS KELLEHER and the UNKNOWN EMPLOYEES/AGENTS OF DEFENDANT MONTERREY, THE DEFENDANTS conspired with each other and DEFENDANT OFFICER GRYGIEL to falsely charge O'GRADNEY with the offense of misdemeanor battery.

26. In furtherance of the conspiracy to falsely charge Plaintiff with battery and cover up his beating, DEFENDANT GRYGIEL put false and fabricated statements into sworn police reports including the false statement that Plaintiff was "extremely intoxicated."

27. On May 24, 2019, Plaintiff O'GRADNEY was found not guilty of battery to DEFENDANT KELLEHER.

28. As a result of the physical beating from DEFENDANTS KELLEHER and MONTERREY EMPLOYEE/AGENTS and improper handcuffing by DEFENDANT GRYGIEL, PLAINTIFF suffered injuries to his head, neck and back and nerve damage to his wrists.

**COUNT I**
**42 U.S.C. § 1983: Excessive Force**
*(Defendant Officer Grygiel)*

29. Plaintiff O'GRADNEY re-alleges and incorporates paragraphs 1-28 above.

30. The acts of the DEFENDANT OFFICER GRYGIEL were a deliberate and malicious deprivation of the PLAINTIFF O'GRADNEY'S constitutional rights against excessive force as guaranteed to the Plaintiff by the Fourth Amendment of the Constitution and made applicable to the states by the Fourteenth Amendment

31. As a result of the unreasonable and unjustifiable excessive force used by the DEFENDANT GRYGIEL, Plaintiff O'GRADNEY suffered physical and emotional injuries, and other damages in violation of 42 U.S.C. §1983.

**COUNT II**
**Failure to Provide Medical Attention**
*(Defendant Officer Grygiel)*

32. PLAINTIFF O'GRADNEY re-alleges and incorporates paragraphs 1-28 above.

33. After DEFENDANT OFFICER GRYGIEL placed handcuffs unnecessarily tight onto the wrists of PLAINTIFF O'GRADNEY, DEFENDANT OFFICER GRYGIEL knew, or should have known, that PLAINTIFF O'GRADNEY was in need of medical assistance.

34. After PLAINTIFF O'GRADNEY was beaten by DEFENDANTS KELLHER and UNKNOWN EMPLOYEES/AGENTS OF MONTERREY SECURITY CONSULTANTS, INC., OFFICER GRYGIEL knew that PLAINTIFF O'GRADNEY was in need of medical assistance.

35. The conduct of DEFENDANT OFFICER GRYGIEL in failing to provide medical assistance was unreasonable and deliberately indifferent to the obvious medical needs of PLAINTIFF O'GRADNEY

36. DEFENDANT OFFICER GRYGIEL'S misconduct caused physical and emotional harm and suffering to PLAINTIFF O'GRADNEY, including unnecessary physical pain and suffering, in violation of her constitutional rights.

**COUNT III**
**Conspiracy Claims**
*(Defendants Kelleher and Officer Grygiel)*

37. Plaintiff O'GRADNEY re-alleges and incorporates paragraphs 1-28 above

38. DEFENDANT OFFICER GRYGIEL conspired with DEFENDANT KELLEHER and LETTUCE ENTERTAIN YOU ENTERPRISES, INC. d/b/a JOE'S LIVE to cover up the assault and battery by DEFENDANT KELLEHER on PLAINTIFF O'GRADNEY and as well as the excessive use of force by OFFICER GRYGIEL on O'GRADNEY. The DEFENDANTS and their agents/employees took overt acts in furtherance of this conspiracy, which included:

a. filing false criminal complaints against PLAINTIFF O'GRADNEY for battery;

b. writing false, misleading and incomplete reports;

c. providing false statements to supervisors and prosecutors; and

d. making false statements under oath in the criminal trial.

39. The DEFENDANTS acted in concert with each other to deprive PLAINTIFF O'GRADNEY of his rights under Illinois law and their rights guaranteed by the U.S. Constitution.

40. The misconduct described in this Count was undertaken intentionally, with malice, willfulness, wantonness and reckless indifference to the rights of PLAINTIFF O'GRADNEY.

41. The misconduct described in this Count that was undertaken by DEFENDANT KELLEHER was within the scope of his employment as an employee and/or agent of DEFENDANT LETTUCE ENTERTAIN YOU ENTERPRISES, INC. d/b/a JOE'S LIVE, such that DEFENDANT LETTUCE ENTERTAIN YOU ENTERPRISES, INC. d/b/a JOE'S LIVE is liable for his actions under the doctrine of *respondeat superior*.

**COUNT IV**
**NEGLIGENCE**
*(Defendant Lettuce Entertain You Enterprises, Inc. d/b/a Joe's Live)*

42. Plaintiff O'GRADNEY re-alleges and incorporates paragraphs 1-28 above.

43. DEFENDANT LETTUCE ENTERTAIN YOU ENTERPRISES, INC. d/b/a JOE'S LIVE, through its agent and employee, DEFENDANT KELLEHER, at all times had a duty to exercise due care and caution to avoid causing injury to patrons, including the PLAINTIFF, MICHAEL O'GRADNEY.

44. Notwithstanding this duty, DEFENDANT LETTUCE ENTERTAIN YOU ENTERPRISES, INC., through its actual or apparent agents/employees, including DEFENDANTS KELLHER, was guilty of one or more of the following careless and negligent acts and/or omissions:

a. negligently attempted to handle, control, and/or restrain PLAINTIFF O'GRADNEY, resulting in injuries;

b. failed to properly instruct and/or train employees/agents, including DEFENDANT KELLHER to ensure patrons encountered by security personnel were not injured;

c. failed to hire personnel who were qualified to protect, handle, control, detain and/or make safe, its establishment without inflicting injuries to patrons, such as PLAINTIFF O'GRADNEY;

d. failed to establish any policies or protocols to ensure that security personnel did not injure patrons such as the PLAINTIFF;

e. failed to provide the PLAINTIFF with any medical attention;

f. was otherwise careless and negligent in the maintenance, control and/or handling of its premises.

45. That as a direct and proximate result of the aforesaid acts and/or omissions of the DEFENDANT LETTUCE ENTERTAIN YOU ENTERPRISES, INC. d/b/a JOE'S LIVE, PLAINTIFF O'GRADNEY sustained severe injuries, incurred medical and hospital expenses, were prevented from attending to their usual affairs and duties and suffered great pain and anguish both in mind and body.

**COUNT V**
**NEGLIGENCE**
*(Defendant Monterrey Security Consultants, Inc.)*

46. Plaintiff O'GRADNEY re-alleges and incorporates paragraphs 1-28 above.

47. DEFENDANT MONTERREY SECURITY CONSULTANTS, INC., through its agents and employees, at all times had a duty to exercise due care and caution to avoid causing injury to patrons, including the PLAINTIFF, MICHAEL O'GRADNEY.

48. Notwithstanding this duty, DEFENDANT MONTERREY SECURITY CONSULTANTS, INC., through its actual or apparent agents/employees, were guilty of one or more of the following careless and negligent acts and/or omissions:

a. negligently restrained PLAINTIFF O'GRADNEY, resulting in injuries;

b. failed to properly instruct and/or train employees/agents, to ensure patrons encountered by security personnel were not injured;

c. failed to hire personnel who were qualified to protect, handle, control, detain and/or make safe, its establishment without inflicting injuries to PLAINTIFF;

d. failed to establish any policies or protocols to ensure that security personnel did not injure patrons such as the PLAINTIFF;

e. failed to provide the PLAINTIFF with any medical attention;

f. was otherwise careless and negligent in the maintenance, control and/or handling of its premises.

49. That as a direct and proximate result of the aforesaid acts and/or omissions of the DEFENDANT MONTERREY SECURITY CONSULTANTS, INC., PLAINTIFF O'GRADNEY sustained severe injuries, incurred medical and hospital expenses, were prevented from attending to their usual affairs and duties and suffered great pain and anguish both in mind and body.

**COUNT VI**
**NEGLIGENCE**
*(Defendant Brett Kelleher)*

50. Plaintiff O'GRADNEY re-alleges and incorporates paragraphs 1-28 above.

51. That DEFENDANT KELLEHER, at all times had a duty to exercise due care to avoid causing injury to the PLAINTIFF, MICHAEL O'GRADNEY.

52. That notwithstanding this duty, at the aforesaid time and place, DEFENDANT KELLHER individually, and as an employee/agent of DEFENDANT LETTUCE ENTERTAIN YOU ENTERPRISES, INC. d/b/a JOE'S LIVE was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

a. negligently attempted to control and force invitees, including PLAINTIFF O'GRADNEY to vacate the premises;

b. negligently attempted to handle, control, and/or restrain PLAINTIFF O'GRADNEY resulting in injuries;

c. was otherwise careless and negligent in the detention and handling of PLAINTIFF O'GRADNEY.

53. The misconduct of this Count was undertaken by DEFENDANT KELLEHER in his capacity as an employee/agent of DEFENDANT LETTUCE ENTERTAIN YOU ENTERPRISES, INC. d/b/a JOE'S LIVE such that DEFENDANT LETTUCE ENTERTAIN

YOU ENTERPRISES, INC. d/b/a JOE'S LIVE is responsible for his conduct under the doctrine of *respondeat superior*.

54. That as a direct and proximate result of the aforesaid acts and/or omissions of DEFENDANT KELLEHER, PLAINTIFF O'GRADNEY sustained severe injuries, incurred medical and hospital expenses, were prevented from attending to their usual affairs and duties and suffered great pain and anguish both in mind and body.

**COUNT VII**
**ASSAULT AND BATTERY**
*(Defendants Kelleher and Unknown Employees/Agents of Monterrey Security Consultants, Inc.)*

55. Plaintiff O'GRADNEY re-alleges and incorporates paragraphs 1-28 above.

56. That on January 20, 2019, DEFENDANT BRETT KELLEHER and UNKNOWN EMPLOYEES/AGENTS OF MONTERREY SECURITY CONSULTANTS, INC., with intent to do bodily harm to PLAINTIFF O'GRADNEY, did severely harm, assault and batter PLAINTIFF O'GRADNEY.

57. That the aforesaid assault was willful and wanton and maliciously made by DEFENDANTS KELLEHER and UNKNOWN EMPLOYEES/AGENTS OF MONTERREY SECURITY CONSULTANTS, INC.

58. The misconduct of this Count was undertaken by DEFENDANT BRETT KELLHER in his capacity as an employee/agent of DEFENDANT LETTUCE ENTERTAIN YOU ENTERPRISES, INC. d/b/a JOE'S LIVE such that DEFENDANT LETTUCE ENTERTAIN YOU ENTERPRISES, INC. d/b/a JOE'S LIVE is responsible for his conduct under the doctrine of *respondeat superior.*

59. The misconduct of this Count was undertaken by DEFENDANT UNKNOWN EMPLOYEES/AGENTS OF MONTERREY SECURITY CONSULTANTS, INC. in their

capacity as employees/agents of MONTERREY SECURITY CONSULTANTS, INC., such that DEFENDANT MONTERREY SEURITY CONSULTANTS, INC. is responsible for their conduct under the doctrine of *respondeat superior.*

60. That as a direct and proximate result of the actions of DEFENDANTS BRETT KELLEHER and UNKNOWN EMPLOYEES/AGENTS OF MONTERREY SECURITY CONSULTANTS, INC., PLAINTIFF O'GRADNEY sought medical care and treatment for his injuries and suffered pain and suffering and other injuries of a personal and pecuniary nature.

**COUNT VIII**
**MALICIOUS PROSECUTION**
*(Defendants Brett Kelleher and Officer Kyle Grygiel)*

61. Plaintiff O'GRADNEY re-alleges and incorporates paragraphs 1-28 above.

62. PLAINTIFF O'GRADNEY was improperly subjected to judicial proceedings for the charge of misdemeanor battery for which there was no probable cause. These judicial proceedings were instituted and continued maliciously, resulting in injury, and such proceedings were terminated in PLAINTIFF'S favor in a manner indicative of innocence.

63. DEFENDANT KELLEHER AND DEFENDANT GRYGIEL accused PLAINTIFF O'GRADNEY of specific criminal activity, to wit: battery, knowing those accusations to be without probable cause, and they made written and other statements with the intent of exerting influence to institute and continue judicial proceedings.

64. Statements and official reports of DEFENDANT KELLEHER AND DEFENDANT GRYGIEL regarding PLAINTIFF's alleged culpability were made with knowledge that the statements were false, incomplete and/or perjured.

65. The misconduct described in this Count was undertaken with malice, willfulness, reckless indifference to the rights of PLAINTIFF O'GRADNEY.

66. As a result of the above-described wrongful infringement of PLAINTIFF'S rights, he suffered financial and other damages, including but not limited to substantial physical and mental stress and anguish.

67. The misconduct described in this Count that was undertaken by DEFENDANT KELLEHER was within the scope of his employment such that his employer, DEFENDANT LETTUCE ENTERTAIN YOU ENTERPRISES, LLC, d/b/a JOE'S LIVE, is liable for his actions under the doctrine of *respondeat superior.*

68. The misconduct described in this Count was undertaken by DEFENDANT OFFICER GRYGIEL was within the scope of HIS employment such that their employer, VILLAGE OF ROSEMONT, is liable for their actions under the doctrine of *respondeat superior.*

**COUNT IX**
**NEGLIGENT HIRING AND RETENTION**
*(Defendant Lettuce Entertain You Enterprises, Inc. d/b/a Joe's Live)*

69. PLAINTIFF O'GRADNEY re-alleges and incorporates paragraphs 1-28 above.

70. DEFENDANT LETTUCE ENTERTAIN YOU ENTERPRISES, INC., d/b/a JOE'S LIVE had a duty to use reasonable care to select a security firm that was competent, qualified and fit to perform the duties required to enforce security and safety rules and protect the well-being and safety of members of the public who were patrons at Defendant LETTUCE ENTERTAIN YOU ENTERPRISES, INC., d/b/a JOE'S LIVE such as Plaintiff O'GRADNEY.

71. At all times material, DEFENDANT LETTUCE ENTERTAIN YOU ENTERPRISES, INC., d/b/a JOE'S LIVE, either directly or through its agents, negligently hired, retained and/or supervised the agents/employees of DEFENDANT MONTERREY SECURITY CONSULTANTS, INC. when the DEFENDANT LETTUCE ENTERTAIN YOU ENTERPRISES, INC., d/b/a JOE'S LIVE knew or should have known that a failure to properly

train and supervise DEFENDANT MONTERREY'S Employees and Agents could result in severe injury to patrons, including the PLAINTIFF.

72. Despite this knowledge, DEFENDANT LETTUCE ENTERTAIN YOU ENTERPRISES, INC., d/b/a JOE'S LIVE failed to exercise reasonable care in hiring, retaining and/or supervising security agents of DEFENDANT MONTERREY SECURITY CONSULTANTS, INC. at DEFENDANT LETTUCE ENTERTAIN YOU ENTERPRISES, INC., d/b/a JOE'S LIVE.

73. DEFENDANT LETTUCE ENTERTAIN YOU ENTERPRISES, INC., d/b/a JOE'S LIVE knew, or should have known that of DEFENDANT MONTERREY SECURITY CONSULTANTS, INC. did not have the ability to hire and/or train qualified personnel for the security and safety needs of DEFENDANT LETTUCE ENTERTAIN YOU ENTERPRISES, INC., d/b/a JOE'S LIVE.

74. DEFENDANT LETTUCE ENTERTAIN YOU ENTERPRISES, INC., d/b/a JOE'S LIVE knew, or should have known that DEFENDANT MONTERREY SECURITY CONSULTANTS, INC. security guards used excessive force, improper choke holds, lacked the qualifications and specific training to reasonably or adequately enforce security and safety and protect the well-being and safety of members of the public who were patrons at Defendant LETTUCE ENTERTAIN YOU ENTERPRISES, INC., d/b/a JOE'S LIVE such as Plaintiff O'GRADNEY.

75. As a direct and proximate cause of the negligent hiring, retention and supervision by DEFENDANT LETTUCE ENTERTAIN YOU ENTERPRISES, INC., d/b/a JOE'S LIVE of DEFENDANT MONTERREY SECURITY CONSULTANTS, INC., PLAINTIFF O'GRADNEY, suffered the injuries described herein.

**COUNT X**
**INDEMNIFICATION**
*(Defendant Village of Rosemont)*

76. Plaintiff O'GRADNEY re-alleges and incorporates paragraphs 1-28 above.

77. In Illinois, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 735 ILCS 10/9-102.

78. DEFENDANT OFFICERS are or were employees of the VILLAGE of ROSEMONT and acted within the scope of their employment in committing the misconduct described herein.

**REQUEST FOR RELIEF**

79. PLAINTIFF O'GRADNEY respectfully requests that the Court:

a. Enter a judgment in his favor and against all DEFENDANTS;

b. Award compensatory damages and costs against all DEFENDANTS;

c. Award attorney's fees against all DEFENDANTS;

d. Award punitive damages against all individual DEFENDANTS; and

e. Grant any other relief this Court deems just and appropriate.

**JURY DEMAND**

80. PLAINTIFF O'GRADNEY demands a trial by jury under the Federal Rule of Civil Procedure 38(b) on all issues so triable.

Respectfully submitted,

/s/ Jeffrey J. Neslund
One of Plaintiff's Attorneys

Jeffrey J. Neslund
Law Offices of Jeffrey J. Neslund
20 N. Wacker Drive, Suite 3710
Chicago, IL 60606 - (312) 223-1100

Thomas J. Hyland
Hyland Law, Ltd.
20 N. Wacker Drive, Suite 3710
Chicago, IL 60606 - (708) 772-9668